JOSEPH M. PRICE, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 13826.   Promulgated July 6, 1928.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Richard Welling*, *Esq.*, for the petitioner.
*Frank S. Easby-Smith*, *Esq.*, for the respondent.

OPINION.

ARUNDELL: The deduction sought by the petitioner is claimed under section 214(a)(11) of the Revenue Act of 1921 which allows, among other things, the following:

Contributions or gifts made within the taxable year to or for the use of: * * * any corporation, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, or educational purposes, * * * no part of the net earnings of which inures to the benefit of any private stockholder or individual; * * *.

The claim is here made that the objects for which the civic fund is raised bring that fund within the "educational purposes" clause of the section of the statute quoted.

It does not appear that the civic fund is a distinct entity so that its nature and functions can be considered and determined entirely separate and apart from the City Club. While the monies contributed to the fund were apparently administered apart from other club monies, it appears that the activities for which the fund was expended were merely a part of the larger political and civic enterprises of the club. We have in evidence a number of booklets and pamphlets, some of which deal with subjects within the scope of the purposes for which the civic fund was maintained, but all apparently published by the City Club as they all bear the name of the club and purport to be club publications and not publications of the so-called civic fund. In this situation we do not see how we can determine the status of the fund for tax purposes except as it is a part of the City Club. In other words, contributions to the City Club's civic fund are deductible or not, dependent upon whether the club itself meets the statutory tests. These tests are set out in the opinion in *Herbert E. Fales*, 9 B. T. A. 828, a case which arose under the Revenue Act of 1918, but equally applicable here, as follows:

In order to be exempt, the corporation or association must meet three tests: (a) It must be organized and operated for one or more of the specified purposes; (b) it must be organized and operated exclusively for such purposes; and (c) no part of its income must inure to the benefit of private stockholders or individuals.

The respondent does not question that the club meets the third of the enumerated requisites, and it appears from the annual reports in evidence that there was no income which could inure to any stockholder or individual. There remains then the application of the other two elements. It is quite clear from the parts of the articles of incorporation and the constitution that we have quoted that the club was not organized for the purposes enumerated in the statute, and it is equally plain from the evidence that it was not operated for such purposes. It was, rather, an institution organized and operated for the purpose of advocating such legislation and municipal action as it believed would make for good municipal government and opposing such measures as it deemed detrimental to the municipality. An idea of its activities can well be gained from the club's publications placed in evidence. We list here the titles of some of them selected at random: "Pending Amendments to the State Constitution"; "Development of the Port of New York"; "Automatic Compensation for Automobile Accident Victims"; "The Housing Crises"; "Rules of Legislative Procedure, Changes Recommended"; "Preliminary Report on Voting Machines"; "A Useless Census—

Shall We Continue It?"; "Why Delinquent Public Officers Escape, A Loop-Hole in the Law"; "Public Employment Exchanges"; "The Transit Problem of Brooklyn"; "Memorandum of the City Club with Relation to the Qualifications of Certain Candidates for the State Legislature."

Even if it be conceded that there is some element of education in the dissemination of information through the club's publications, its advocacy of or opposition to candidates and proposed municipal measures carries it beyond the exclusively educational purposes contemplated by the taxing statute. See *Herbert E. Fales, supra.*

*Judgment will be entered for the respondent.*